

# The Attorney General of Texas

December 12, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Wm. J. Benardino
County Attorney
Montgomery County Courthouse
Conroe, Texas 77301

Dear Mr. Benardino:

Opinion No. H-1103

Re: Effect of Education
Code section 17.95 on
the county school board
of Montgomery County.

You have asked us to determine the effect section 17.95 of the Texas Education Code will have on the county school board in Montgomery County, which operates under Chapter 17 of the Code, when the statute takes effect January 1, 1979. Section 17.95 reads:

> On December 31, 1978, all offices of county school superintendent and ex officio county school superintendent and all county boards of school trustees and county school boards in counties with no common school districts, rural high school districts, or independent districts with less than one hundred fifty (150) ADA which are not supported by ad valorem tax revenue generated under the provisions of Chapter 18 of this code or by voluntary local contract in accordance with Section 17.98 are abolished.

Also important in this context is section 17.94:

> After December 31, 1978, no state funds shall be used to support the offices of county school superintendent or ex officio county school superintendent or a board of county school trustees or a county school board in counties with no common school districts, rural high school districts, or independent districts with less than one hundred fifty (150)

> ADA, <u>but the offices and boards may be</u>
> <u>supported by ad valorem tax revenue</u>
> <u>generated in accordance with the pro-</u>
> <u>visions of Chapter 18 of this code,</u> or
> by funds provided by the school districts
> in accordance with the provisions of a
> voluntary contract as provided in Section
> 17.98 of this Chapter.

(Emphasis added).

Chapter 18 of the Texas Education Code provides a method whereby the voters of a county may create an additional county-wide school district to exercise a taxing power for all school districts in the county and equalize distribution of the tax proceeds without affecting the operation of any existing school district.  The arrangement is termed "the county unit system." You advise that the county school board in Montgomery County is supported by taxes levied pursuant to the county unit system of taxation authorized by the Code.  See Educ. Code §§ 18.01 - 18.31.

It is clear that section 17.95 intends to abolish certain county school offices only if they "are not supported by ad valorem tax revenue generated under the provisions of Chapter 18 of this code or by voluntary local contract . . . ."  Since the county school board of Montgomery County does not fall within this class, it will not be abolished by section 17.95 of the Education Code when it takes effect January 1, 1979.

You also ask if the county school board may continue to operate under Chapter 17 of the Education Code after December 31, 1978, and if the board and county school officers may continue to receive salaries from county school tax funds.  If they may, you ask about the proper procedure for paying salaries.

Inasmuch as Chapter 17 of the Education Code continues to apply to those school boards and officers to whom it previously applied except for those abolished by section 17.95, the county school board of Montgomery County will continue to operate under it as amended.

We think the salaries of school officers constitute fiscal "support", within the meaning of section 17.94, for the offices they occupy. We are informed that Montgomery County has no common school districts, no rural high school districts, and no independent districts with an average daily student attendance of fewer than 150 students.  Note, therefore, that new section

17.94 will prohibit the use of state funds for the support of Montgomery County school offices after December 31, 1978. The application of this provision will necessarily alter the application to Montgomery County of some provisions of Chapter 17 after it becomes effective. See Educ. Code §§ 17.09; 17.51 - 17.54; 17.92.

Already the salary of the County Superintendent and all expenses of his office are required by section 18.30 of the Texas Education Code to be paid out of funds realized from the collection of taxes levied pursuant to the county unit system of taxation. With respect to the salaries of other county school officers, we believe the same procedure used for complying with that law should be used after December 31, 1978, to comply with similar requirements under section 17.94, unless the "voluntary contract" provisions of section 17.98 are utilized.

## S U M M A R Y

Section 17.95 of the Texas Education Code is inapplicable to Montgomery County, which supports county school offices with revenue generated by ad valorem revenue generated under Chapter 18 of the Code. After December 31, 1978, other provisions of Chapter 17 of the Code will continue to be applicable to Montgomery County as modified by section 17.94. The salaries of county school officers will thereafter be paid entirely from local funds.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst